OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 3, 2002

Mr. William H. Kuntz, Jr.
Executive Director
Texas Department of Licensing
 and Regulation
P.O. Box 12157
Austin, Texas 78711

Opinion No. JC-0510

Re: Whether the Texas Department of Licensing and Regulation's executive director may adopt, as standards for installing, altering, operating, and inspecting elevators, escalators, and related equipment, the current version of safety codes A17.1 and A17.3, adopted by the American Society of Mechanical Engineers, and related questions (RQ-0479-JC)

Dear Mr. Kuntz:

To be constitutional, a statute requiring a state agency to adopt a particular code promulgated by a private entity must be construed to refer only to the code as it existed when the legislature adopted the statute, unless the statute expressly provides the agency with discretion to review and adopt subsequent versions of the code. *See* Tex. Att'y Gen. Op. Nos. JC-0012 (1999) at 3; DM-211 (1993) at 7; JM-509 (1986) at 3. Section 754.014 of the Health and Safety Code requires the executive director of the Texas Department of Licensing and Regulation (the "Department") to adopt standards "for the installation, alteration, operation, and inspection of elevators, escalators, and related equipment [EER equipment] used by the public" in certain buildings, and those standards "may not contain requirements in addition to the requirements in" A17.1 or A17.3 of the American Society of Mechanical Engineers (ASME) Safety Code for Elevators and Escalators. TEX. HEALTH & SAFETY CODE ANN. 754.014(a), (b) (Vernon Supp. 2002); *see also id.* § 754.011(1), (2) (defining "ASME Code A17.1" and "ASME Code A17.3"); TEX. OCC. CODE ANN. § 51.203 (Vernon 2002) (requiring Department's executive director to adopt rules). You ask several questions about the executive director's authority under section 754.014 of the Health and Safety Code to adopt standards "for the installation, alteration, operation, and inspection of elevators, escalators, and related equipment used by the public" in certain buildings.[1] TEX. HEALTH & SAFETY CODE ANN. § 754.014(a); *see also* TEX. OCC. CODE ANN. § 51.203 (requiring executive director to adopt rules "as necessary to implement each law establishing a program regulated by the [D]epartment").

---

[1]*See* Letter from Mr. William H. Kuntz, Jr., Executive Director, Texas Department of Licensing & Regulation, to Honorable John Cornyn, Texas Attorney General (Dec. 14, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

You expressly raise five issues:

>Question One: Whether [s]ubsection 754.014(c) authorizes the [e]xecutive [d]irector to require EER equipment to comply with the current version of ASME Code A17.1.

>Question Two: Whether the term "installation requirements" in [s]ection 754.017(c) refers only to those [c]ode requirements directly related to the original installation of EER equipment, or whether it also refers to those [c]ode requirements related to the alteration, operation (e.g., maintenance and repair), or inspection of EER equipment after it has been installed.

>Question Three: To which versions of ASME Code A17.1 and ASME Code A17.3 does [s]ubsection 754.017(b) refer, and does the [e]xecutive [d]irector . . . have discretion to determine whether to approve and adopt future amendments to ASME Codes A17.1 and A17.3?

>Question Four: Whether [s]ubsection 754.014(d) authorizes the [e]xecutive [d]irector to require EER equipment to comply with the current version of ASME Code A17.1 or the current version of ASME Code A17.3.

>Question Five: To which version of ASME Code A17.3 does [s]ubsection 754.014(d) refer?

Request Letter, *supra* note 1, at 2-5. Your letter indicates that, while you believe requiring EER equipment "to comply with the most effective, up-to-date safety features available in the industry" would make the equipment safer, you recognize "the interests of building owners who have EER equipment located in their buildings," many of whom, you report, "believe that the changes in industry safety standards for EER equipment often" increase expenses without increasing public safety. *Id.* at 1-2.

We conclude generally that section 754.014 of the Health and Safety Code refers to the versions of ASME Code A17.1 and A17.3 that existed when the references were inserted in the statute in 1995. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 865, § 1, 1995 Tex. Gen. Laws 4313, 4313-15. We further conclude that the executive director may not adopt a more recent version of the ASME codes. Consequently, in answer to your questions 1, 3, and 4, we conclude that the executive director may not require EER equipment to comply with a more recent version of the ASME codes. In answer to your fifth question, we conclude that section 754.014(d), which expressly refers to "the installation requirements of the *1994* ASME Code A17.3," designates the 1993 ASME Code together with the 1994 addenda to the code. *See* TEX. HEALTH & SAFETY CODE

ANN. § 754.014(d) (emphasis added). In answer to your second question, we conclude that section 754.014(c) refers only to installation, and not to alteration, operation, and inspection.

Both the Department and the Texas Commission of Licensing and Regulation (the "Commission") have been created under chapter 51 of the Occupations Code. *See generally* TEX. OCC. CODE ANN. ch. 51. The Department is "the primary state agency responsible" for overseeing those state-regulated "businesses, industries, general trades, and occupations" that the legislature has assigned to the Department. *Id.* § 51.051(a). The six-member Commission governs and oversees the Department and articulates Department policy. *See id.* §§ 51.052(a), 51.201(a), (b). The Commission may adopt its own procedural rules and must "adopt rules as necessary to implement" chapter 51. *Id.* § 51.201(b). It also appoints an executive director, who serves at the Commission's will, and defines the respective duties of the Commission, the executive director, and Department staff. *See id.* §§ 51.101, 51.105. The executive director must perform "any duties assigned by the [C]ommission" or specified by law and must administer and enforce the Department's programs. *Id.* § 51.103(a)(1), (2). And, significantly, the executive director must "adopt rules as necessary to implement each law establishing a program regulated by the [D]epartment," as opposed to the Commission's authority to adopt only procedural rules and rules implementing chapter 51 of the Occupations Code. *Compare id.* § 51.203 (executive director's rule-making authority) *with id.* § 51.201(b) (Commission's rule-making authority).

The inspection and certification of EER equipment under chapter 754 of the Health and Safety Code, subchapter B is "a program regulated by the [D]epartment" for the purposes of chapter 51 of the Occupations Code. *See id.* § 51.203. *See generally* TEX. HEALTH & SAFETY CODE ANN. ch. 754, subch. B. Section 754.014, part of subchapter B, expressly requires the commissioner of licensing and regulation to adopt safety standards for elevators, escalators, and related equipment:

> (a) The commissioner shall adopt standards for the installation, alteration, operation, and inspection of [EER] equipment used by the public in:
>
> > (1) buildings owned or operated by the state, a state-owned institution or agency, or a political subdivision of the state; and
> >
> > (2) buildings that contain [EER] equipment that is open to the general public, including a hotel, motel, apartment house, boardinghouse, church, office building, shopping center, or other commercial establishment.
>
> (b) Standards adopted by the commissioner may not contain requirements in addition to the requirements in the ASME Code A17.1 or ASME Code A17.3.

(c) Standards adopted by the commissioner must require [EER] equipment to comply with the installation requirements of the following, whichever is the least restrictive:

(1) the ASME Code A17.1 that was in effect on the date of installation of the [EER] equipment; or

(2) an applicable municipal ordinance governing the installation of [EER] equipment that was in effect on the date of installation.

(d) Standards adopted by the commissioner must require [EER] equipment to comply with the installation requirements of the 1994 ASME Code A17.3 that contains minimum safety standards for all [EER] equipment, regardless of the date of installation.

*Id.* § 754.014. Section 754.011, subchapter B's definitional section, defines the terms "ASME Code A17.1" and "ASME Code A17.3" as safety codes for EER equipment adopted by the American Society of Mechanical Engineers. *See id.* § 754.011(1), (2). Subchapter B does not apply to EER equipment "in a private building for a labor union, trade association, private club, or charitable organization that has two or fewer floors," *see id.* § 754.0111, or to EER equipment "in an industrial facility, or in a grain silo, radio antenna, bridge tower, underground facility, or dam, to which access is limited principally to employees of or working in that facility or structure," *see id.* § 754.014(i).

Consistently with the division of rule-making authority set forth in chapter 51 of the Occupations Code, we presume that section 754.014 authorizes the Department's executive director, not a commissioner, to adopt the requisite standards. Additionally, as you aver, House Bill 1214, adopted in 2001, deleted the term "commissioner" from various provisions of chapter 51 of the Occupations Code and replaced it with "executive director." *See* Tex. H.B. 1214, 77th Leg., R.S. (2001); Request Letter, *supra* note 1, at 1. The bill analysis of the 2001 legislation notes that references in chapter 51 to the "commissioner" were confusing "because [the term] is used to refer to all six commissioners, including the one commissioner [who] serves a one-year term as executive director." HOUSE COMM. ON LICENSING & ADMINISTRATIVE PROCEDURES, BILL ANALYSIS, Tex. H.B. 1214, 77th Leg., R.S. (2001). Throughout the rest of this opinion, we will refer to the authority of the executive director, rather than the commissioner, under section 754.014.

Your first, third, fourth, and fifth questions cause us to consider a limitation on the executive director's authority to adopt standards for EER equipment under section 754.014 of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 754.014; Request Letter, *supra* note 1, at 2-5. While subsection (a) requires the executive director to adopt standards for installing, altering, operating, and inspecting EER equipment, subsection (b) prohibits the executive director from adopting requirements "in addition to the requirements in the ASME Code A17.1 or ASME Code A17.3." TEX. HEALTH & SAFETY CODE ANN. § 754.014(a), (b). Neither ASME Code A17.1 nor

A17.3 are defined by reference to a particular edition. *See id.* § 754.011(1), (2). Section 754.014(d), as well as other subsections that are not otherwise relevant to your request, refer to the 1994 ASME Code A17.3. *See id.* § 754.014(d)-(h). You explain, however, that "there is no 1994 edition of ASME Code A17.3. There is a 1993 ASME Code A17.3, which subsequently was updated by addenda in 1994, but there is no '1994 ASME Code A17.3.'" Request Letter, *supra* note 1, at 5.

To be constitutional, we must conclude that, except where section 754.014 refers to 1994 ASME Code A17.3, the statute refers to the version of the ASME codes that were effective when chapter 754, subchapter B was amended to refer to the ASME codes. *See* Act of May 27, 1994, 74th Leg., R.S., ch. 865, § 1, 1995 Tex. Gen. Laws 4313, 4313-18. We begin with a "'strong presumption' that a statute is constitutional." *See* Tex. Att'y Gen. Op. No. JC-0012 (1999) at 2 (and cases cited therein). A statute that, without providing any sort of state-agency review and approval, "prospectively adopts" the rules of an "unofficial agency . . . delegates legislative authority in a manner that violates article III, section 1 of the Texas Constitution," which vests legislative power in the state legislature. Tex. Att'y Gen. Op. No. DM-378 (1996) at 2; *see* TEX. CONST. art. III, § 1; Tex. Att'y Gen. Op. Nos. JC-0012 (1999) at 3; DM-211 (1993) at 6-7; JM-629 (1987) at 3; JM-509 (1986) at 3. Although a state agency may consult a private entity while the agency is drafting regulations, the agency must review and approve final rules that will be enforced against members of the public. *See* Tex. Att'y Gen. Op. No. DM-211 (1993) at 7; *see also* Tex. Att'y Gen. Op. No. JM-509 (1986) at 4.

Consistently with article III, section 1 of the Texas Constitution, therefore, section 754.014 and the related definitions in section 754.011 of the Health and Safety Codes cannot incorporate revisions made to the ASME codes since 1995. *See* Tex. Att'y Gen. Op. No. JC-0012 (1999) at 3. The ASME is a private "nonprofit educational and technical organization" that promotes "the art, science and practice of mechanical engineering." *See* ASME International, *About ASME, available at* <http://www.asme.org/about/> (accessed March 26, 2002). The A17 Elevator Standards Committee of the ASME develops standards "covering the design, construction, installation, operation, inspection, testing, maintenance, alteration, and repair of elevators, dumbwaiters, escalators, moving walks, and materials lifts." *See* ASME International, *A17 Elevators & Escalators Standards Committee, available at* <http://www.asme.org/cns/departments/Safety/Public/A17/> (accessed March 26, 2002). Moreover, section 754.014 does not authorize the executive director to review and approve prospective editions of the ASME codes. Rather, subsection (b) expressly forbids the executive director to adopt "requirements in addition to the requirements in the ASME Code A17.1 or ASME Code A17.3." TEX. HEALTH & SAFETY CODE ANN. § 754.014(b).

Our conclusion regarding the executive director's authority to adopt editions of the ASME codes that were promulgated after 1995 comports with Attorney General Opinion JM-629, which concludes that the Department of Health may not substitute the 1985 edition of the Life Safety Code for the 1976 edition of the code named in the relevant statute. *See* Tex. Att'y Gen. Op. No. JM-629 (1987) at 3-4. The statute in that instance, article 4442c of the Revised Civil Statutes, section 4A, provided the Department of Health with "discretionary powers to grant exceptions" to the 1976 edition of the Life Safety Code. *See id.* at 2; TEX. HEALTH & SAFETY CODE ANN. § 242.039 (Vernon

2001) (replacing TEX. REV. CIV. STAT. ANN. art. 4442c, § 4A). This limited discretionary power does not include authority to "impose additional burdens, conditions[,] or restrictions" exceeding or inconsistent with statutory provisions, however. Tex. Att'y Gen. Op. No. JM-629 (1987) at 3. Although the opinion does not expressly indicate that the 1985 edition of the Life Safety Code imposed burdens, conditions, or restrictions in addition to or inconsistent with the 1976 code, we presume that it did.

Accordingly, to answer your first question, we conclude that the executive director has no authority to require EER equipment to comply with the "current version of ASME Code A17.1." Request Letter, *supra* note 1, at 2.

To answer your third question, we conclude that section 754.014(b) of the Health and Safety Code, as well as the related definitions in section 754.011(1) and (2), refer to the editions of ASME Codes A17.1 and A17.3 that were in effect in 1995 when the legislature inserted the references into chapter 754. *See id.* at 3. Section 754.014(b) thus prohibits the executive director to adopt any "requirements in addition to those" found in ASME Codes A17.1 and A17.3 as they existed in 1995. *See* TEX. HEALTH & SAFETY CODE ANN. § 754.014(b). In addition, the executive director may not adopt any requirements that are inconsistent with the ASME codes as they existed in 1995. *See* Tex. Att'y Gen. Op. No. JM-629 (1987) at 3.

To answer your fourth question, we conclude section 754.014(d) does not authorize the executive director to require EER equipment to comply with either the current version of ASME Code A17.1 or A17.3. *See* Request Letter, *supra* note 1, at 4. Section 754.014(d) requires the executive director to adopt standards mandating EER equipment "to comply with the installation requirements of the 1994 ASME Code A17.3." TEX. HEALTH & SAFETY CODE ANN. § 754.014(d). Because section 754.014(d) explicitly refers to the 1994 edition, the executive director is prohibited from adopting standards requiring EER equipment to comply with the installation requirements of any subsequent revisions of the ASME codes. *See id.*

We conclude, in answer to your fifth question, that section 754.014(d) refers to the 1993 ASME Code together with the 1994 addenda. *See* Request Letter, *supra* note 1, at 5. Given that, as you point out, there is, strictly speaking, "no 1994 edition of ASME Code A17.3," we admit that the statute is less than clear. *See id.* Nevertheless, when the legislature inserted the references to the ASME codes in 1995, we presume it had access to the 1993 edition and the 1994 addenda and specified the year "1994" to expressly include the addenda.

We finally reach your second question regarding whether the term "installation requirements" in section 754.014(c) refers only to ASME code requirements "directly related to the original installation of EER equipment or whether it also refers to those Code requirements related to the alteration, operation (*e.g.*, maintenance and repair), or inspection of EER equipment after it has been installed." Request Letter, *supra* note 1, at 3. As you state, section 754.014(c) mandates that the executive director adopt standards that require EER equipment "to comply with the *installation requirements of*" the least restrictive of either (1) ASME Code A17.1 that was in effect on the date

of installation of" the EER equipment, or (2) "an applicable municipal ordinance . . . that was in effect on the date of installation." TEX. HEALTH & SAFETY CODE ANN. § 754.014(c) (emphasis added); *see also id.* § 754.014(k) (defining "date of installation"). By contrast, section 754.014(a) requires the executive director to adopt standards "for the *installation, alteration, operation, and inspection* of [EER] equipment." *Id.* § 754.014(a) (emphasis added). You appear to suggest that, because subsection (c) refers to "installation" only, the executive director may adopt standards for "alteration, operation, and inspection" that have been added in later editions of the ASME codes. *See* Request Letter, *supra* note 1, at 3.

We conclude that the executive director may not adopt standards relating to the alteration, operation, or inspection of EER equipment that are in addition to or inconsistent with the ASME codes that existed in 1995 when the references were inserted in section 754.014 and defined in section 754.011. While subsection (c) lists only installation, subsection (b) plainly prohibits the executive director from adopting any standards additional to "the requirements in the ASME Code A17.1 or ASME Code A17.3." TEX. HEALTH & SAFETY CODE ANN. § 754.014(b). Moreover, subsection (b) is not limited to the installation of EER equipment; rather, given that it does not modify the term "standards," it encompasses installation, alteration, operation, and inspection of EER equipment.

## S U M M A R Y

To construe section 754.014 of the Health and Safety Code constitutionally, it must be read to refer only to the editions of the ASME Codes A17.1 and A17.3 that were in effect when the legislature inserted these references into the section in 1995, except where the statute expressly names an earlier edition. Accordingly, neither subsection (c) nor subsection (d) of section 754.014 authorizes the executive director of the Texas Department of Licensing and Regulation to require elevators, escalators, and related equipment to comply with the current edition of ASME Code A17.1 or A17.3. Similarly, the executive director lacks authority to determine whether to adopt revisions to the ASME codes that have occurred since 1995.

Regardless of whether section 754.014(c) refers only to "installation requirements" for elevators, escalators, and related equipment, section 754.014(b) plainly prohibits the executive director of the Texas Department of Licensing and Regulation from adopting standards relating to the alteration, operation, or inspection of such equipment that add to the requirements in the 1995 versions of ASME Code A17.1 or ASME Code A17.3.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee